**NELSON PLANNING, LIMITED, Plaintiff-Appellant,**

v.

**TEX–O–GRAPH CORPORATION, Defendant-Appellee,**

**Willcox & Gibbs Sewing Machine Co., Counterclaim Defendant.**

**No. 202, Docket 32463.**

United States Court of Appeals, Second Circuit.

Argued Dec. 12, 1969.

Decided Feb. 5, 1970.

John Hoxie, William F. Kilgannon, Douglas E. Whitney, and John E. Nathan, Davis, Hoxie, Faithfull & Hapgood, New York City, for plaintiff-appellant.

Paul M. Craig, Jr., Washington, D.C., William R. Liberman, New York City, for defendant-appellee.

Before MOORE, KAUFMAN, Circuit Judges, and RYAN, District Judge.*

RYAN, District Judge:

The defendant and its authorized agent in the United States, the impleaded counterclaim defendant, pleaded non-infringement and invalidity in this patent infringement action.[1] At trial, the patent was adjudged invalid and not infringed.

---

* Of the Southern District of New York, sitting by designation.

1. Defendant and the impleaded counterclaim defendant by answer also pleaded counterclaims for unfair competition, anti-trust violations and conspiracy in restraint of trade. During trial, all of these counterclaims were dismissed on consent. A counterclaim of unfair competition asserted against the impleaded counterclaim defendant was dismissed for lack of jurisdiction. The final judgment makes discussion of these counterclaims academic.

No jurisdictional challenge as to the parties and matters in suit is raised (Title 35, U.S.C. Section 271; and Title 28, U.S.C. Section 1400(b)). It is conceded that the applicable special venue provisions (Title 28, U.S.C. Sections 1332, 1338 and 2201) are met.

United States letters patent (No. 2,842,772)[2] the patent in suit, issued on July 15, 1958 on application filed on January 18, 1954 by one Sydney Littman. He thereafter assigned it to plaintiff Nelson Planning, Limited, with full right to recover for infringement.[3]

Defendant Tex-o-graph presented sufficient evidence to overcome the presumption of validity (Title 35 U.S.C. Section 282) and to establish invalidity of the three allowed claims of the patent. The Trial Judge so found, and we agree with him as to this and affirm. Although the Trial Judge found non-infringement, we find it unnecessary to pass upon this finding.

The patent in suit purports to disclose a process for reducing garment patterns to approximately 1/25th of their original area of surface size, claiming thereby to facilitate storage and handling of the patterns and also to facilitate the marking of the patterns on to the material to be used in the making of a garment so as to result in the least amount of waste of material. The invention claimed is a new method of making a garment from a number of diversely shaped component parts cut from a length of material so as to produce a plurality of the garments and reduce wastage of the material.

Claims 1, 2 and 3 outline the steps to be employed. They describe a supporting surface representing at a reduced scale the width of the material and the arranging or laying-out on it the same reduced scale component parts of the garment in the smallest rectangular space of a given width into which the model parts will fit without overlapping. Then, proceeding from a chart of these scaled parts as so laid out on the reduced scale width of the material, the patent claims direct the arrangement of the full sized patterns in the same order on the actual material as shown on the chart. The material is then cut out from the full sized patterns and the garment is made of these full sized component parts.

The Trial Judge also found that for more than one year prior to January 18, 1954, the date of the filing of the application for the patent, there had been public use in this country of "miniaturized" patterns in "miniaturized" marker making. There is more than ample evidence to sustain these findings.

The Trial Judge further found that reduced scale models of any "rigid" material, for example one of plastic, cut very accurate in size and shape, are requisite to the successful practice of the method described in the patent.[4]

The Trial Judge properly appraised the functioning of the patent, finding that a person using the disclosure of the '772 patent is relegated to a trial-and-error approach in order to arrive at the point of the minimum unavoidable waste in the planning stage and that this depends exclusively on the skill of the planner. (Finding No. 22)

At trial, it was also found that the invention was fully anticipated by earlier patents issued in Belgium, Switzerland and Germany; and that steps in the

2. Throughout this litigation, the patent has been referred to as "the '772 patent."

3. Plaintiff, an English company, has marketed an article under the patent called the "Laymaker" system and operates in various part of the world through sales agents. The impleaded counterclaim defendant Willcox & Gibbs Sewing Machine Co. covers the territory in the United States.

4. But the Trial Judge found that "The claims of the '772 patent also specify that the scale models are arranged in the 'smallest' rectangular space of a given width into which they will fit without overlapping." (Finding 18) and that "the '772 patent does not show or describe any criteria or means for determining such 'smallest' rectangular space." (Finding 19.)

The patent, in describing the steps to be taken in the execution of the method, says of the marker planning slip that the scale model patterns are then placed on the sheet or slab 12 and are arranged and rearranged until the best arrangement is found in which the scale models occupy a minimum length of the sheet or slab 12.

patent in suit, which were undisclosed in the foreign patents, were no more than procedural extensions of the teachings of these foreign patents. The Trial Judge also found that the subject matter of the patent in suit would have been obvious to a person having ordinary skill in the art (Title 35, U.S.C. Section 103). While there is sufficient evidence to support the findings of obviousness of the process disclosed in the patent in suit, we affirm the judgment of invalidity on the proof of anticipation evidenced by the prior public use in this country and by a prior United States patent (No. 2,610,413 filed September 7, 1951 and issued September 1, 1952—the "Dasey" patent).

Affirmed.

IRVING R. KAUFMAN, Circuit Judge (concurring in the result):

I would affirm the judgment of the district court on the ground that the patent is void for obviousness. From the foreign patents and the testimony at trial, it is clear that reduced scale charts and patterns were a part of the prior art. Given these basic building blocks, the process of making reduced scale markers from reduced scale models would have been obvious to a skilled marker maker; and the Littman patent discloses no more.

In reaching a conclusion of anticipation, I believe the majority are treading, unnecessarily I might add, on extremely thin ice. Observing that "the temptation to remember in such cases and the ease with which honest witnesses can convince themselves after many years of having had a conception at the basis of a valuable patent," the Supreme Court has instructed "that evidence to prove prior discovery must be clear and satisfactory." Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 60, 43 S.Ct. 322, 327, 67 L.Ed. 523 (1923). In the instant case, the evidence looks wan and feeble in the face of that stringent standard. The testimony on prior use, with a single exception uncorroborated, consisted solely of recollection of ancient vintage. The employers of most of the witnesses who offered this testimony could have been held liable as infringers had the Littman patent been held valid. The "documentation" dredged up in support of the testimony was ludicrous.

The Dasey patent offers no more secure support for a conclusion of anticipation than does the evidence on prior use. This patent discloses a method for planning a factory or office layout by means of reduced scale models. Laying out an office does not require nearly the same degree of exactitude as the cutting of a garment. I would not be especially upset to discover my desk five inches closer to the wall than I had expected. I would be considerably more perturbed to find my right sleeve five inches longer than the left.